UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRAD ORENDORFF,

        Plaintiff,

        v.                                   Case No. 25-C-373

STKJR III LLC, et al.,

        Defendants.

---

## SCREENING ORDER

---

On March 11, 2025, Plaintiff Brad Orendorff, serving as his own lawyer, brought this action against Defendants STKJR III LLC, Jenna Moslavae, Heather Liegh Daising, Amanda, Sari Spivey, Heather Molzner, Steve Killian, and other unnamed McDonald's employees, alleging he was terminated from his employment at McDonald's based on his gender/sex and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 621, *et seq.*; and the Wisconsin Fair Employment Act (WFEA), Wis. Stat. §§ 111.31–111.395. Orendorff also moved to proceed without prepayment of the filing fee (*in forma pauperis*). It appears from Orendorff's motion that he is, in fact, indigent and thus is entitled to proceed without prepayment of the filing fee. Accordingly, Orendorff's motion will be granted. For the reasons that follow, however, the court will dismiss the individual defendants and Orendorff's claims under the ADEA and the WFEA on its own motion without requiring a response from the named defendants.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt

screening of a complaint prior to service, especially when the plaintiff is a non-lawyer, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Hoskins*, 320 F.3d at 763. Given the increase in lawsuits filed by nonlawyers who are not bound by the Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of *pro se* complaints by the court would seem an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. At the same time, when exercising its screening discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763.

When screening a complaint, the court must determine whether the complaint states at least a plausible claim for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. The Supreme Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, before the doors to expensive and time-consuming discovery will be opened. But the pleading standard announced by the Court in *Iqbal* and *Twombly* does not appear applicable in employment discrimination cases, especially in cases where the plaintiff proceeds *pro se*. Notwithstanding *Twombly* and *Iqbal*, "the Seventh Circuit has held that a formulaic recitation of the elements of an employment discrimination claim *will* do." *McKay v. City of Chicago*, No. 14-C-10446, 2017 WL

2

11567310, at *2 (N.D. Ill. May 23, 2017) (citing *Tomayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013)).

Regardless of which pleading standard applies, to state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In his Complaint, Orendorff alleges that beginning on January 29, 2024, and continuing throughout his employment at McDonald's, he was discriminated against based on his gender/sex and age. Dkt. No. 1 at 5. He alleges the discrimination he complains of included unequal terms and conditions of employment, retaliation, demotion, and ultimately, termination. *Id.* In his statement of facts section, Orendorff provides nothing further, stating only that he "faced discrimination in multiple factors of my employment while working in the restaurant." Dkt. No. 1-1 at 4.

To start, Orendorff cannot proceed on his claims against the individual defendants because Title VII only allows individuals to bring suits against their employer, not its employees or owner. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281–82 (7th Cir. 1995). Accordingly, the individual defendants will be dismissed from this action. Orendorff similarly fails to state a claim under the ADEA or the WFEA because he was born in 1989 and is therefore not yet 40 years old. Both the ADEA and the WFEA only forbid age discrimination against people who are 40 years of age or older. 29 U.S.C. § 631(a) (ADEA); Wis. Stat. § 111.33 (WFEA). Orendorff's claims brought pursuant to the ADEA and the WFEA will therefore be dismissed.

But Orendorff's Title VII claim against his employer will go forward. To survive dismissal, "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his] sex." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (quoting *Tamayo v. Blagojevich*, 526

3

F.3d 1074, 1084 (7th Cir. 2008)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 513, 515 (2002); *Collins v. Ctrs. for Medicare & Medicaid Servs.*, No. 24-2557, 2025 WL 599630, at *2 (7th Cir. Feb. 25, 2025) (holding conclusory allegations of race discrimination are sufficient to state a claim under Title VI, which imposes the same pleading standard as Title VII). A complaint alleging as much is enough "to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Luevano*, 722 F.3d at 1028. Here, Orendorff alleges that he faced multiple adverse employment actions on the basis of his gender/sex. He therefore states a claim under the Title VII pleading standard.

**IT IS THEREFORE ORDERED** that Orendorff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that individual defendants Jenna Moslavae, Heather Liegh Daising, Amanda, Sari Spivey, Heather Molzner, Steve Killian, and the other unnamed McDonald's employees are dismissed from this action *sua sponte*. Likewise, Orendorff's claims brought pursuant to the ADEA and the WFEA are dismissed *sua sponte*.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Complaint and this Order upon STKJR III LLC pursuant to Federal Rule of Civil Procedure 4. Orendorff is advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the United States Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provisions for these fees to be waived either by the court or by the United States Marshals Service.

4

**IT IS FURTHER ORDERED** that STKJR III LLC shall file a responsive pleading to the Complaint within the time allowed under the Federal Rules of Civil Procedure.

Finally, Orendorff must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. It could also result in dismissal of the lawsuit.

Dated at Green Bay, Wisconsin this <u>21st</u> day of March, 2025.

William C. Griesbach
United States District Judge